

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

February 5, 1947

Honorable Jesse James          Opinion No. V-25
State Treasurer
Austin, Texas                  Re: Article 696, Revised
                                   Civil Statutes, National
                                   Savings Investment Co.,
                                   Sam Houston Underwriters,
                                   Inc., Sterling National
                                   Co., further procedure
                                   and disposition of
                                   securities on deposit
                                   of above named companies.

Dear Sir:

        You request the opinion of this department in
your letters of November 14, 1946, and January 3, 1947,
respectively, upon the questions therein presented,
which for a statement of facts we quote as follows:

        "Our records show that we hold as custodian
    securities deposited by the above named companies
    under provisions of Article 696, as listed below:

        National Savings Investment Co.
        Dallas, Texas
        Deposited on April 11, 1930
        City of Borger Funding Bonds
        Nos. 57/62 @ $1,000.00 each       $6,000.00

        Sam Houston Underwriters, Inc.
        Ranger, Texas
        Deposited on August 13, 1931
        Sam Houston Life Ins. Co. Stock
        Certificate #128 for 400 shs. &
        Certificate #149 for 100 shs. at
        $10.00 per share                   5,000.00

        Sterling National Company
        Houston, Texas
        Deposited on April 3, 1935
        Sterling Nat'l Life Ins. Co.
        Stock, Certificate #6 for 500
        shs. at $10.00 per share           5,000.00

"To date, no other deposits have been made by said companies as required under Article 696. On September 26, 1946, we wrote the Secretary of State asking if these companies had been issued charters to do business in Texas, and if so, to please furnish us with the correct addresses of each. We received a reply from the Secretary of State October 1, 1946, giving no post office addresses, and quoted in part as follows:

"'We find that NATIONAL SAVINGS INVESTMENT COMPANY, Dallas, Texas has been for-feited July 2, 1932; SAM HOUSTON UNDER-WRITERS, Inc., Ranger, Texas was forfeited July 2, 1932 because the Franchise Tax was not paid and was also forfeited April 25, 1933 because of failure to make proof of final payment; STERLING NATIONAL COMPANY, Houston, Texas, was forfeited July 2, 1942.'

"On October 14, 1946, we wrote to each of the companies named herein regarding the require-ments of Article 696. Our letters to National Savings Investment Company and Sam Houston Underwriters, Inc., were returned unclaimed, and no answer was received from Sterling Na-tional Company. Also no replies were re-ceived from the verification letters sent out by the State Auditor's Office in con-nection with the audit of this department.

"Therefore, in accordance with the provisions of Article 696, we kindly request your written advice regarding further procedure and disposition of securities on deposit."

"January 3, 1947

"On November 14, 1946, we requested your written opinion on the further procedure and disposition of securities on deposit with this Department under provisions of Article 696 for National Savings Investment Company, Sam Houston Underwriters, Inc., and Sterling National Co.

"In conversation with C. K. Richards, it was suggested by him that we try to obtain more information concerning said companies, and accordingly, wrote several letters but to no avail.

"Therefore, we hand you herewith copies
and photostats of all information which we
have been able to obtain, and await your
further advice on these matters."

Concretely, your problem is what disposition,
if any, you should make at this time of the securities
deposited by the respective companies mentioned in your
letter, pursuant to the provisions of Article 696, R.C.S.

You are governed in this matter solely by the
provisions of Articles 696 to 700, inclusive, R. C. S.,
as we shall presently point out. These statutory pro-
visions are as follows:

"Article 696. Each corporation, company
or individual, doing business in this State
as a bond investment company, or company to
place or sell bonds, certificates or debentures
on the partial payment or installment plan,
shall deposit with the State Treasurer, in
cash or securities approved by said Treasurer,
the sum of five thousand dollars, and shall
deposit semi-annually with said Treasurer, in
cash or securities, to be approved by said
officer, ten per cent of all net premiums
received until the sum deposited amounts to
one hundred thousand dollars.

"Article 697. If any such domestic cor-
poration, shall fail, for sixty days after its
organization, to make with the State Treasurer
the deposit required by this title, it shall
be considered to have forfeited its charter;
and the Attorney General shall upon information
thereof, bring suit in the name of the State to
have such charter or certificate of incorpor-
ation declared forfeited, and the court, upon
so finding, shall declare such charter for-
feited and appoint a receiver for such company,
whose duty it shall be, under the order of the
court, to distribute to the shareholders the
assets of the company. The court shall out of
such assets make equitable compensation for the
receiver.

"Article 698. In case of the failure of
any such company, the district court of the
county in which the principal office is located,
upon the application of one or more shareholders,

shall appoint a receiver for such company, whose
duty it shall be to wind up its affairs, liqui-
date its debts, and distribute its assets, using
therefor, upon the order of the court, the deposit
previously made with the State Treasurer to se-
cure the shareholders. Said Treasurer is author-
ized to pay out such deposit upon the warrant of
the Comptroller in accordance with requisitions
made upon the Comptroller by said receiver, ap-
proved by the court.

"Article 699. On request of any such company,
the State Treasurer is authorized to permit such
company to interchange cash for the securities or
securities for the cash deposited by such company
under the provisions of this title with said
Treasurer, such securities always to be approved
by said Treasurer on the written advice of the
Attorney General.

"Article 700. If any such company shall
cease to do business in this State and satisfy
the Comptroller and the Attorney General that it
has no liabilities in this State, the Comptroller
shall issue his warrant to the State Treasurer;
and said Treasurer upon such warrant of the Comp-
troller, shall return to such company the cash or
securities deposited by it under the provisions
of this title."

Justice Sharp, of the Supreme Court in the case
of Bankers Union Life Insurance Company v. Sheppard, 117
S. W. 2d 770, 116 A. L. R. 961, stated the main objec-
tive of these statutory provisions in language as fol-
lows:

"(1) To require each corporation doing
business in this State as a bond investment
company to place cash or certain securities
with the State Treasurer, in the sum of $5,000,
as a deposit; and to deposit semi-annually ten
per cent. of all net profits received, until
the sum of $100,000 is deposited.

"(2) To require the Attorney General, in
the event any such corporation shall fail to
make such deposit as required, to bring suit to
have the charter of such company declared for-
feited, and to have a receiver appointed for

such company, whose duty it shall be, under the
orders of the court, to distribute to the share-
holders the assets of the company.

"(3) To provide, in case of the failure of
any such company, that upon application of one
or more shareholders the district court shall
appoint a receiver for such company, whose duty
it shall be to wind up its affairs, liquidate
its debts, and distribute its assets, using
therefor, upon the order of the court, the de-
posit previously made with the State Treasurer.

"(4) To permit the interchange of the de-
posit.

"(5) To provide, in the event any such
company shall cease to do business in this
State and shall satisfy the Comptroller and
the Attorney General that it has no liabilities
in this State, that the Comptroller shall issue
his warrant to the State Treasurer, and said
Treasurer upon such warrant shall return to
such company the cash or securities deposited
by it under the provisions of law."

It will be observed that Article 696 describes
how the deposit shall be made. Articles 697 and 698 pro-
vide for the appointment of a receiver in the event that
the company fails to make such a deposit, or in the event
of the failure of such company. It does not appear from
the information before us that any receivership proceed-
ings have, up to this time, been instituted as to any
of the companies in question, hence Articles 697 and
698 are not applicable and need not, for the purpose of
this opinion, be further considered. The same is true
of Article 699 which provides for interchange and sub-
stitutions of securities. Whether or not the question
of solvency or insolvency of these companies is now
present or may arise in the future, we do not find it
necessary to decide, nor could we decide this question
upon the facts submitted. It does appear, however,
that their right to continue their corporate activi-
ties have been forfeited for failure to pay franchise
taxes or other reasons, and that they are not now ac-
tive corporate concerns, but the fact still remains
that they are not in receivership.

There remains, therefore, the question of

whether you are authorized under the provisions of Art. 700, supra, to dispose of these securities as therein provided. This Article does not purport to provide that the deposit made under Article 696 be retained for the benefit of the shareholders of the corporations. Bankers Union Life Insurance Co. v. Sheppard, supra. It is to be returned by the State Treasurer upon the certificate of the Comptroller of Public Accounts only upon a showing that the depositor has no liabilities in this State which have not been fully discharged, and this must be to the satisfaction of the Comptroller and the Attorney General. We think the burden rests upon the shareholders or the parties claiming the return of such securities to present sufficient evidence and information to the Comptroller and the Attorney General to justify them in reaching a conclusion as to whether or not the provisions of Article 700 have been met.

From the information contained in your opinion request, it does not appear that any demand has been made for the return of these securities by any party authorized under the statute to make a demand and receive them, or that there has heretofore been presented to the Comptroller and the Attorney General any information upon which the Attorney General could recommend to the Comptroller the issuance of his certificate upon you for the disposition of the securities to anyone at this time, and until this has been done, you are authorized to retain these securities as you have in the past.

We think the case of Bankers Union Life Insurance Company v. Sheppard, supra, affords a safe guide for us in this matter; and while in that case the Comptroller was ordered to return the securities by a mandamus proceeding instituted for that purpose, the undisputed facts in that case justified the court's action. But here we are not able to say that the facts justify you in taking any action in regard to these securities, other than to keep them securely as you have in the past until receivership proceedings are instituted as provided for in Articles 697 and 698, supra, or until a proper showing has been made to the Comptroller and Attorney General as provided for in Article 700, supra, which would justify the Comptroller in issuing his certificate for your direction in the disposition of the securities.

We take your letter, however, as sufficient notice to this Department to justify appropriate legal action under Articles 697-698 or 7095, R. C. S., and expect to proceed accordingly. You will in due course be ad-

vised as to the further disposition of these securities upon the culmination of our efforts to clear this matter up by appropriate legal action.

## SUMMARY

The State Treasurer is not authorized to return securities deposited with him by corporations doing business in this State as a bond investment company, or company to place or sell bonds, certificates or debentures on the partial payment or installment plan, as required by Article 696, R.C.S., except in receivership proceedings as provided for in Articles 697, 698 or 7095, R.C.S., or upon a showing satisfactory to the Comptroller and the Attorney General that the corporation has ceased to do business in the State and has no liabilities unsatisfied as required by Article 700, R. C. S.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By L. P. Lollar
Assistant

APPROVED FEB. 5, 1947

Price Daniel
ATTORNEY GENERAL

LPL:AMM:jrb

Approved Opinion Committee
        By BWB, Chairman